**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

**ANA MARIA LOPEZ-ERQUICIA,**

**Plaintiff,**

**v.**                                                            **CIVIL NO. 13-1915 (GAG)**

**ANGELA WEYNE-ROIG, et al.,**

**Defendants.**

<u>**OPINION AND ORDER**</u>

In this political discrimination case, Defendants have filed a notice of interlocutory appeal of this court's denial of summary judgment as to Defendant Weyne's qualified immunity claim. (Docket No. 109.)   Presently before the court is Defendants' motion to stay the proceedings pending the interlocutory appeal.  (Docket No. 111.)  After considering the Plaintiff's response in opposition (Docket No. 113), Defendants' reply (Docket No. 119.), and Plaintiff's surreply (Docket No. 122), the Court **DENIES** Defendants' motion to stay the proceedings.

## I.     Relevant Factual and Procedural Background

Plaintiff Ana María López-Erquicia ("Plaintiff"), commenced this action against Ángela Weyne-Roig ("Weyne"), in her personal and official capacity as Commissioner of the Office of the Insurance Commissioner of Puerto Rico, and the Office of the Insurance Commissioner (the "OIC") (collectively "Defendants").   Plaintiff claims Defendant Weyne violated her First Amendment rights by demoting her from her former position as the AFSI Director of the OIC because of her political affiliation.  (<u>See</u> Docket No. 1.)

Civil No. 13-1915 (GAG)

On February 20, 2015, Defendants moved for summary judgment based in part on qualified immunity grounds.[1]  (Docket No. 60.)  Defendants argued in their motion for summary judgment, that Weyne was entitled to qualified immunity because "a reasonable official in defendant Weyne's position that examined the position of AFSI Director in light of the current legal understandings could very well conclude that such position is not protected against political patronage."  (Docket No. 60 at 24.)  On September 14, 2015, the court granted in part and denied in part Defendants' motion for summary judgment, finding genuine issues of fact precluded a finding of Weyne's entitlement to qualified immunity as a matter of law.  (Docket No. 100.)

The court referred the case to Magistrate Judge Camille L. Vélez-Rivé for a pretrial/settlement conference.  (Docket No. 103.)  The pretrial settlement/conference was first scheduled for October 7, 2015, and then postponed twice to October 13, 2015 and October 23, 2015.  (Docket Nos. 104; 106; 108.)  On October 13, 2015, Defendants filed a notice of appeal.  (Docket No. 109.)  The court ordered that because the notice of appeal did not automatically stay the proceedings, parties had to file a Joint Proposed Pretrial Order and attend the Pretrial/Settlement Conference.  (Docket No. 110.)  Defendants now seek reconsideration of that order, and a stay of all proceedings pending the result of the interlocutory appeal.[2]  (Docket No. 111.)

---

[1] Originally, Defendants failed to raise the affirmative defense in their answer and sought leave of the court to amend their answer to the complaint for the sole purpose of asserting the qualified immunity defense.  (Docket No. 92.)  On May 26, 2015, the court held Defendants did not need to amend their answer to the complaint because they had not waived the qualified immunity defense and could raise it for the first time via motion for summary judgment. Lopez-Erquicia v. Weyne-Roig, CIV. 13-1915 GAG, 2015 WL 3369763, at *3 (D.P.R. May 26, 2015).

[2] Defendants have also framed the motion as a motion for reconsideration of the court's order at Docket No. 110, in which the court held "the notice of interlocutory appeal filed by Defendant Weyne-Roig at Docket No. 109 does not automatically stay the parties' obligation to file a Joint Proposed Pretrial Order and attend the Pretrial Conference (Order at Docket No. 102.)  Thus, parties will comply with said order and also attend the Pretrial-Settlement conference."  The court however will address this matter as a motion to stay.

Civil No. 13-1915 (GAG)

## II.    Discussion

When a denial of summary judgment on qualified immunity grounds turns on a question of law, typically whether the federal right allegedly infringed was "clearly established," a defendant can file an interlocutory appeal to obtain review.  Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). However, a district court's pretrial rejection of a qualified immunity defense is not subject to interlocutory appeal if "it turns on either an issue of fact or an issue perceived by the trial court to be an issue of fact . . . . In such situation, the movant must await the entry of final judgment before appealing the adverse ruling." Stella v. Kelley, 63 F.3d 71, 74 (1st Cir. 1995); see also Johnson v. Jones, 515 U.S. 304, 313 (1995) (holding instant appeal is not available when the district court determines that factual issues genuinely in dispute preclude summary judgment).

Generally, the act of filing an interlocutory appeal takes away the district court's jurisdiction over the matter until the court of appeals makes a decision.  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  However, "a district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case." U.S. v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998).[3]

Rule 8 of the Federal Rules of Appellate Procedure establishes that a party should move in the district court for a stay of the proceedings while the court of appeals rules.  Fed. R. App. P. 8(a).  The district court must consider the following factors when deciding whether to grant the

---

[3] Other circuits allow district courts to retain jurisdiction if they "certify" the interlocutory appeal as frivolous. See, e.g., Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989); Yates v. City of Cleveland, 941 F.2d 444, 448-49 (6th Cir. 1991); Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992); Stewart v. Donges, 915 F.2d 572, 577 (10th Cir. 1990).  However, the First Circuit has declined to adopt said "certification" procedure and instead considers the district court's ruling that an appeal is "patently meritless" as a failure to "divest the district court of jurisdiction in the first instance." See Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 96 (1st Cir. 2003).

Civil No. 13-1915 (GAG)

stay: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The part requesting the stay "bears the burden of showing that the circumstances justify an exercise of that discretion." Niken v. Holder, 556 U.S. 418, 433-34 (2009).

In this case, the appeal is clearly and substantially defective.  In denying the motion for summary judgment in the present case, this court ruled factual issues precluded the court's determination as a matter of law of whether Defendant Weyne was entitled to qualified immunity. (Docket No. 101 at 32-35.)   The First Circuit holds "[t]he ultimate question of whether a reasonable [ ] officer, on the basis of information known to him, could have believed his actions were in accord with constitutional rights is a question of law, subject to resolution by the judge not the jury. But if there is a factual dispute, that factual dispute must be resolved by a fact finder." Swain v. Spinney, 117 F.3d 1, 10 (1st Cir. 1997).  Additionally, qualified immunity only "shields the defendants from damages if they acted with the *objective good faith* belief that they were not violating the plaintiff's statutory or constitutional rights."   Maldonado Santiago v. Velazquez Garcia, 821 F.2d 822, 830 (1st Cir. 1987) (emphasis added).

In their motion for stay, Defendants mischaracterize the court's denial of their summary judgment on qualified immunity grounds, attempting to create a question of law that would be immediately appealable in order to evade trial.[4]  The court's holding that there were factual issues as to Weyne's conduct that should be submitted to the jury, is not evidence of the court considering the officer's subjective intent. Rather, the court found it proper to submit to the jury

---

[4] Defendants frame the issue on appeal as whether "good faith [is] an element that a defendant must establish in order to avail him/herself to qualified immunity."  (Docket No. 119 at 4.)

4

Civil No. 13-1915 (GAG)

those genuine issues of fact that incited Defendant to demote Plaintiff to her current position at the OIC.   The court recognizes the subjective intent of the officer is generally immaterial to the qualified immunity question.[5]   See Harlow v. Fitzgerald, 457 U.S. 800, 816-17 (1983) (adopting the criterion of "objective legal reasonableness."); see also Pagan v. Calderon, 448 F.3d 16, 31 (1st Cir. 2006) ("the doctrine does not shield public officials who, from an objective standpoint, should have known that their conduct was unlawful.").   In its opinion, the court relied on the determination of objective reasonableness that "'often requires examination of the information possessed' by the defendant officials." Kelley v. LaForce, 288 F.3d 1, 7 (1st Cir. 2002) (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). Such determination at times will require discussing the facts known to the official before it made its decision, in order to determine whether the official was "objectively reasonable." See Swain, 117 F.3d at 9 ("This prong of the inquiry, while requiring a legal determination, is highly fact specific, and may not be resolved on a motion for summary judgment when material facts are substantially in dispute.").   Therefore, the court did not base its ruling on a determination of subjective intent.

At the summary judgment stage, Plaintiff presented evidence that political affiliation is not an appropriate requirement for the position last held by Plaintiff.   (Docket No. 75 ¶ 8.)   Plaintiff also presented evidence that Plaintiff's former position had always been classified as a career

---

[5] The First Circuit has already made clear defendants shall not "defend the legitimacy of their interlocutory appeal by arguing that the district court's qualified immunity determination turned on the legal question of whether [ ] subjective intent is relevant to the qualified immunity analysis." Rivera-Torres, 341 F.3d at 96. Furthermore, the Circuit ruled that in the context of political discrimination, "the employers' subjective motive is an essential element of the constitutional violation itself, and cannot be divorced from the qualified immunity inquiry." Id.; see also Feliciano-Angulo v. Rivera-Cruz, 858 F.2d 40, 45 (1st Cir. 1988) ("Harlow . . . does not rule out the need to inquire into the actual reasons behind an official's conduct when the official's state of mind is a necessary component of the constitutional violation he allegedly committed."); Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 11 (1st Cir. 2000) (upholding the district court's inquiry into a "triable issue of fact regarding a potentially discriminatory application of the layoff plan" in deciding to deny Defendants qualified immunity); Tang v. State of Rhode Island, Department of Elderly Affairs, 120 F.3d 325, 327 (1st Cir. 1997) ("The Harlow-Anderson objective test does not automatically resolve a qualified immunity defense in favor of the defendant in a case of alleged [ ] discrimination . . . a wholly objective test would wipe out many, if not most, of these claims."). Thus, Defendants nevertheless wrongfully argue that qualified immunity based on political discrimination is completely detached from the officer's motivation behind the alleged unconstitutional conduct.

Civil No. 13-1915 (GAG)

position. Id. ¶ 7.  Particularly those two facts, if available to the Defendant at the time she made the decision to demote Plaintiff to a position she last held eleven years ago, would make this case one in which qualified immunity is clearly unavailable. Yet, Defendants claimed that a reasonable officer who examined the position could have determined it was not protected from political patronage. (Docket No. 60 at 24.)   Defendant also provided evidence that the transfer stemmed from an effort to reorganize the agency when Plaintiff's position as the AFSI Director was eliminated.  Id.  Thus, the court based its denial of qualified immunity on genuine issues of material facts regarding the basis for Defendant Weyne's decision.  Such a dispute precludes the court from determining whether Weyne is entitled to qualified immunity. Thus, this matter is not immediately appealable.  See Stella, 63 F.3d at 74; Johnson, 515 U.S. at 313.

Additionally, the facts surrounding the appeal also render it meritless and a stay is not warranted because Defendants have failed to make a "strong showing" that they are "likely to succeed on the merits."  Hilton, 481 U.S. at 776.  In denying the motion for summary judgment on the applicability of the Elrod/Branti doctrine and on qualified immunity grounds, the court was pellucidly clear: Defendants failed to demonstrate that Plaintiff's position as the AFSI director was not protected from political patronage. (Docket No. 101 at 30-32.)  In support of its decision, the court extensively discussed the overall functions of Plaintiff's former position and decided that no matter how policy-influencing or confidential Defendants allege it to be, Plaintiff's position is protected from political patronage. Id.

Furthermore, "the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]."  Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002).  Defendants argue that the balance of equities favors their request for a stay in order to be free of the "burdens

Civil No. 13-1915 (GAG)

of litigation." (Docket No. 111 ¶ 4, 5.)   However, the court finds it is Plaintiff who will be substantially injured by a stay in this proceeding. Plaintiff produced uncontested evidence that in her new position she is not consulted with, assigned any supervisory functions, and has almost no case load.  (Docket No. 76 ¶ 5.)  A stay at this juncture is not warranted because it would prolong these conditions. The parties have endured litigation for more than two years, discovery concluded on December 31, 2014, and trial is now imminent.

Lastly, the court's consideration of what is best for the public interest also undermines the granting of a stay.  Defendants are correct that "qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation." Suacier v. Katz, 533 U.S. 194, 200 (2001) (quoting Forsyth, 472 U.S. at 526).  Yet, this court finds this appeal is "defective in some substantial and easily discernible way."  Brooks, 145 F.3d at 456.  The public interest is not served when Defendants "take Forsyth appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, [helping] themselves to a postponement by lodging a notice of appeal." Apostol, 870 F.2d at 1338-39.

Thus, because Defendant's interlocutory appeal is patently meritless in light of this court's previous denial of summary judgment on qualified immunity grounds, and the balance of considerations weighs against the issuance of a stay, the Defendants' motion to stay is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 6th day of November, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge